UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:14-CV-81091 – Ryskamp/Hopkins

MUTUAL FIRST, LLC,

    Plaintiff,

vs.

STEPHEN P. KUNZMANN,

    Defendant.
_____/

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S COUNTER MOTION SEEKING LEAVE TO AMEND COMPLAINT AND TO PROVIDE MORE DEFINITE STATEMENT

COMES NOW Defendant, STEPHEN P. KUNZMANN (hereinafter referred to as "Kunzmann"), by and through his undersigned counsel and pursuant to Local Rule 15.1, S.D. Fla. Loc. R., and files this memorandum of law in response and opposition to Plaintiff's Counter Motion Seeking Leave to Amend Complaint and to Provide More Definite Statement [Doc. 14][1], and states as follows:

### Introduction

Plaintiff filed the instant matter on August 20, 2014 (Doc. 1) and on September 3, 2014 filed its First Amended Complaint (Doc. 6). Thereafter, without leave of court or the consent of Defendant's counsel, Plaintiff filed two additional amended complaints (Docs. 7 and 10). On October 6, 2014, Defendant's undersigned counsel sent Plaintiff's counsel an executed Waiver of

---

[1] Plaintiff's Counter Motion for Leave to Amend the Complaint and to Provide a More Definite Statement was part of/incorporated into Plaintiff's belated response (improperly identified by Plaintiff as a "Reply") to Defendant's Motion to Dismiss for Failure to State a Claim or, in the Alternative, for More Definite Statement and Motion to Strike Claim for Attorney's Fees and Costs [Doc. 11]. As such, Defendant requests that this Response to Plaintiff's Motion for Leave to Amend be also considered a reply to Plaintiff's response to Defendant's Motion to Dismiss.

-1-

the Service of Summons[2] form which had been served on Defendant by regular mail. And, on October 27, 2014, Defendant filed his Motion to Dismiss First Amended Complaint for Failure to State a Claim or, in the alternative, for More Definite Statement and Motion to Strike Claim for Attorney's Fees and Costs (Doc. 11) (hereinafter referred to as "Defendant's Motion to Dismiss"). Pursuant to Local Rule 7.1, S.D. Fla. Loc. R., Plaintiff's response to Defendant's Motion to Dismiss was due on November 13, 2014. However, Plaintiff did not file its response to Defendant's Motion to Dismiss until November 19, 2014, which filing did not specifically address the merits of Defendant's Motion to Dismiss and, instead, was a defective motion for leave to amend the complaint. This memorandum of law is in opposition to Plaintiff's motion seeking leave to amend the complaint for the fourth time.

## Argument

**PLAINTIFF'S COUNTER MOTION SEEKING LEAVE TO AMEND COMPLAINT AND TO PROVIDE MORE DEFINITE STATEMENT MUST BE DENIED BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 15.1 AND HAS FAILED TO FILE A PROPER MOTION FOR LEAVE TO AMEND.**

Local Rule 15.1, S.D. Fla. Loc. R. provides as follows:

> A party who moves to amend a pleading **shall attach the original of the amendment to the motion** in the manner prescribed by Section 3I(1) of the CM/ECF Administrative Procedures. Any amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. When a motion to amend is granted, the amended pleading shall be separately filed and served forthwith. (Emphasis added)

---

[2] The executed Waiver of the Service of Summons form has not been filed with the Court.

-2-

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW**
**9300 South Dadeland Boulevard, 4th Floor, Miami, Florida 33156 · Tel: (305) 670-1101 · Fax: (305) 670-1161**

Plaintiff's motion seeking leave to amend contained within its untimely response to Defendant's Motion to Dismiss did not have the proposed amendment attached to the motion and did not set forth the substance of the purported amendment.  Additionally, it is improper to make a request for leave to amend imbedded within a memorandum/response in opposition to a motion to dismiss.  *McGinley v. Fla. Dept. of Hwy. Safety and Motor Vehicles*, 438 Fed. Appx. 754, 757 (11th Cir. 2011)(In our circuit a request for leave to amend is not properly made when it is "imbedded within an opposition memorandum," as it was here. . . .But even if it had been, a plaintiff must set forth the substance of the proposed amendment or attach a copy of the proposed amended complaint); *Rosenberg v. Gould,* 554 F.3d 962, 967 (11th Cir.2009) (quoting *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1222 (11th Cir.1999)(Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly).  Accordingly, Plaintiff's failure to attach the proposed amendment and failure to file a proper motion seeking leave to amend the complaint requires denial of the motion.  Local Rule 15.1, S.D. Fla. Loc. R.; *Corbett v. Transportation Security Administration*, 968 F.Supp.2d 1171 (S.D. Fla. 2012)(A motion for leave to amend the complaint should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)(A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment).

## Conclusion

Based on the foregoing argument and authorities, Plaintiff's Counter Motion Seeking Leave to Amend Complaint and to Provide More Definite Statement must be denied.

-3-

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW**
**9300 South Dadeland Boulevard, 4th Floor, Miami, Florida 33156 · Tel: (305) 670-1101 · Fax: (305) 670-1161**

*Mutual First, LLC v. Kunzmann Appraisals, Inc.*
9:14-CV-81091-Ryskamp/Hopkins

DATED December 8, 2014.

                        Respectfully submitted,

By: */s/ Roberto M. Ureta*
    ROBERTO M. URETA
    Florida Bar No. 0000957
    Email: rureta@qpwblaw.com
    Quintairos, Prieto, Wood & Boyer, P.A.
    9300 South Dadeland Boulevard, 4th Floor
    Miami, Florida 33156
    Tel: (305) 670-1101 / Fax: (305) 670-1161
    *Counsel for Defendant, Stephen P. Kunzmann*

*Mutual First, LLC vs. Stephen P. Kunzmann*
Case No. 9:14-CV-81091 – Ryskamp/Hopkins

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2014, I electronically filed the foregoing Defendant's Memorandum of Law in Opposition to Plantiff's Counter Motion Seeking Leave to Amend Complaint with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

| | |
|---|---|
| **Henry N. Portner, Esq.** | **Lloyd E. Ward, Esq.** |
| Florida Bar No. 0883050 | Texas Bar No. 20845100 |
| Email: filings@savantlg.com | Email: filings@savantlg.com |
| 12794 W. Forest Hill Blvd. | Lloyd Ward & Associates, PC |
| Suite 19C | 12655 N. Central Expressway |
| Wellington, FL 33414 | Suite 1000 |
| Tel: (561) 400-0027 / Fax: (561) 584-5204 | Dallas, TX 75234 |
| *Counsel for Plaintiff, Mutual First, LLC* | Tel: (972) 361-0036 / Fax: (972) 361-0039 |
| | *Co-Counsel for Plaintiff, Mutual First, LLC* |

By: */s/ Roberto M. Ureta*
ROBERTO M. URETA
Florida Bar No. 0000957
Email: rureta@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Tel: (305) 670-1101 / Fax: (305) 670-1161
*Counsel for Defendant, Stephen P. Kunzmann*

-5-

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
9300 South Dadeland Boulevard, 4th Floor, Miami, Florida 33156 · Tel: (305) 670-1101 · Fax: (305) 670-1161